UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-03716-SVW-PD Date: August 14, 2026

Title: *Tyesha Jackson Wise v. Experian Information Solutions, Inc.*

**JS-6**

---

Present: The Honorable STEPHEN V. WILSON, U.S. District Judge

| Daniel Tamayo | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers): ORDER DISMISSING CASE FOR FAILING TO ESTABLISH *IN FORMA PAUPERIS* STATUS OR PAY FILING FEE; ENTRY OF JUDGMENT**

All parties instituting a civil action, suit, or proceeding in a district court of the United States must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a)(1).

Accompanying the civil complaint in this case, Plaintiff filed a request to proceed *in forma paupers* ("First IFP Request"). Dkt. 3. On June 2, 2025, the Court issued a detailed order explaining how the First IFP Request lacked the necessary information to determine indigency and contained discrepancies. Dkt. 12. In light of the shortcomings, Plaintiff was directed to "refile a fully completed IFP Request on the Court's CV-60 form, including disclosing all sources of income and their amounts, as well as all assets and their values, and separately address the discrepancies in a statement not to exceed one page," or pay the filing fee. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:26-cv-03716-SVW-PD Date: August 14, 2026

Title: *Tyesha Jackson Wise v. Experian Information Solutions, Inc.*

**JS-6**

Plaintiff refiled an IFP request on June 22, 2026 ("Second IFP Request"). Dkt. 13. On July 1, 2026, in another detailed order, the Court explained that—as with the First IFP Request—the Second IFP Request did not provide enough information to determine indigency, and it presented additional discrepancies. Dkt. 14. Plaintiff also did not file the one-page statement as directed. *Id*. In an abundance of caution, and because Plaintiff is proceeding pro se, the Court provided a final opportunity to comply with instructions. *Id*. Plaintiff was again directed to: refile a fully completed IFP Request and separately address the discrepancies detailed in the Court's orders in a statement not to exceed one page, or pay the filing fee. *Id*. She was warned that "[f]ailure to timely comply with the Court's instructions [within 30 days] will result in dismissal of this action." *Id*.

To date, Plaintiff has not responded to the Court's July 1, 2026 Order. Accordingly, this action is **DISMISSED** without prejudice. *See Link v. Wabash R.R. Co*., 370 U.S. 626, 629-31 (1962) ("The authority . . . to dismiss sua sponte for lack of prosecution . . . [is] vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("there [is] nothing for the district court to do but dismiss the action" when a plaintiff fails to establish IFP status and does not pay the filing fee), *cert. denied*, 144 S. Ct. 2604 (2024).

All other pending matters are **TERMINATED**.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

**IT IS SO ORDERED.**